IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TERRENCE LAWS** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 17-cv-3961 |
| | : | |
| **NANCY A. BERRYHILL** | : | |
| **Acting Commissioner of Social Security** | : | |

<u>MEMORANDUM</u>

**SCHMEHL, J.  /s/ JLS**　　　　　　　　　　　　　　　　　　　　**AUGUST 22 , 2018**

*Pro se* Plaintiff initiated this matter on September 5, 2017 by filing a motion to proceed *in forma pauperis*. (ECF 1.) The Court granted the motion and directed the Clerk to file the Complaint, issue summons and have the United States Marshal serve the summons and complaint on the Ddefendant. (ECF 2.) The one-page Complaint seeks judicial review pursuant to 28 U.S.C. § 405(g) of an adverse decision of the Defendant. On September 18, 2017, the Court issued a Procedural Order for Social Security Review which established deadlines, including for the Defendant's Answer and for "Plaintiff's Brief and Statement of Issues in Support of Request for Review" to be filed. (ECF 4.) Pursuant to the Procedural Order, the Defendant timely filed an Answer. (ECF 9.) However, Plaintiff never filed his brief and statement of issues for review. Therefore, on July 26, 2018, the Court granted a Rule upon the Plaintiff to show cause why this matter should not be dismissed for lack of prosecution based on Plaintiff's failure to comply with the Court's Procedural Order for Social Security Review. (ECF 11.) The Order directed Plaintiff to respond to the Court in writing by no later than

1

August 3, 2018. On August 2, 2018, the Plaintiff filed the following response to the Court's Rule to Show Cause Order:

> This has dragged on so long, I no longer have legal representation. But, the law office that represented me submitted plenty of proof that I couldn't work. I'm not a lawyer. And I'm not a bum. This isn't a handout. My income tax paid into these programs just like everybody else. And now that I need it, the powers that be is cheating me. This isn't your money! So stop being stingy and greedy, and give to the needy. I don't have the legal expertise to state my case any clearer. You have all my records. That's all the proof you need. I did everything I could do to claim these benefits, and you know it.

(ECF 12.)

"A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (per curiam) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). The power to dismiss a case "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30.

While the Court must ordinarily weigh the factors of *Poulis v. State Farm Fire & Casualty Co.*[1], 747 F.2d 863 (3d Cir. 1984) before it can dismiss a case for lack of prosecution, where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make

---

[1] Those factors are "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim." *Poulis*, 747 F.2d at 868.

adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary. *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir. 1990).

Here, Plaintiff's stated refusal for failing to comply with the Court's Procedural Order, is so contumacious as to make adjudication of the case impossible. Therefore, the case will be dismissed with prejudice.

Moreover, even if the Court considers the *Poulis* factors, dismissal is justified. First, the responsibility for Plaintiff's failure to participate in the litigation by complying with the Procedural Order falls on him, as he proceeded pro se. See *Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case . . . ."). Second, the Defendant was prejudiced because Plaintiff's failure to comply with the Procedural Order frustrated the Defendant's ability to prepare a defense. United States Attorney's offices throughout the country are swamped with these type of cases and lack the time and resources to figure out what issues a Plaintiff is raising on review. Third, Plaintiff has a history of dilatoriness, as demonstrated by his failure to take any action in this case since the filing of the motion to proceed in forma pauperis nearly one year ago. Fourth, Plaintiff's failure to participate is willful because only he can take steps to prosecute the case. Plaintiff's failure to comply with the Court's Procedural Order is not accidental or inadvertent, but deliberate as evidenced by the belligerent tone of his response. Fifth, the Court cannot consider monetary sanctions as an alternative to dismissal, because Plaintiff is proceeding *in forma pauperis*. Finally, the sixth factor (meritoriousness of claim) is

neutral because the Plaintiff has not provided the Court or defendant with a proper statement of the issues he wishes to present.